IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABRAHAM GALINDO,

    Petitioner,                             No. CIV S-08-0945 MCE DAD P

    vs.

ED FOULK, Executive Director,

    Respondent.                         FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a civil detainee currently confined at Napa State Hospital, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 7, 2009, the undersigned ordered respondent to file a response to the petition. On June 24, 2009, respondent filed the pending motion to dismiss, arguing that petitioner has failed to properly exhaust his federal habeas claims by first fairly presenting them to the highest state court. Petitioner has filed an opposition to the motion. Respondent has not filed a reply.

## BACKGROUND

        In 1994, in the Glenn County Superior Court, petitioner was found not guilty by reason of insanity of possession of a firearm by a convicted felon. Petitioner does not challenge that underlying criminal conviction in his habeas petition pending before this court. Rather, he challenges the Glenn County Superior Court's subsequent decisions, rendered in proceedings

under California Penal Code § 1026.5(b), extending his commitment pursuant to that judgment of conviction. (Pet. at 1-2 & Resp't's Lodged Doc. 1.)

The record before this court establishes as follows. In 2004, the Glenn County District Attorney petitioned the Superior Court to extend petitioner's commitment for two years from August 31, 2004, to August 31, 2006. Following a court trial in February 2005, the Superior Court extended petitioner's commitment to August 31, 2006, as requested by the District Attorney. On appeal, the California Court of Appeal for the Third Appellate District reversed the trial court's decision and remanded the case for further proceedings in light of the decision in In re Howard N., 25 Cal. 4th 117 (2005). After a second court trial in September 2006, the Superior Court found sufficient evidence to sustain the petition and again extended petitioner's commitment to August 31, 2006. (Resp't's Lodged Doc. 1.)

In March of 2006, the Glenn County District Attorney again petitioned the Superior Court to extend petitioner's commitment through August 31, 2008. Following a jury trial held in September of 2006, petitioner was found to suffer from a mental disease, defect, or disorder that made it seriously difficult for him to control his dangerous behavior. It was also found by the jury that he posed a substantial danger of physical harm to others. Based upon those jury findings, the Superior Court again extended petitioner's commitment to August 31, 2008. (Resp't's Lodged Doc. 1.)

On appeal from that determination, petitioner argued that there was insufficient evidence introduced at both trials to support the finding of his serious difficulty in controlling dangerous behavior. On December 11, 2007, the California Court of Appeal for the Third Appellate District affirmed petitioner's ongoing commitment. On January 14, 2008, petitioner filed a petition for review with the California Supreme Court. On February 20, 2008, the petition for review was summarily denied. Petitioner did not file any habeas petitions with the California Supreme Court. (Resp't's Lodged Docs. 1 & 5-6.)

/////

1  On April 29, 2008, petitioner commenced this action by filing a federal habeas
2 petition, asserting the following five claims: (1) a single psychiatric opinion does not constitute
3 substantial evidence to support the extension of an insanity commitment; (2) the trial court and
4 the District Attorney erred in relying on evidence of petitioner's past mental condition as
5 opposed to his "current mental condition"; (3) experts testified that petitioner needs to take
6 psychiatric drugs, but those drugs actually induce violent behavior; (4) psychiatry and psychology
7 are "pseudo sciences" – there is no cure for mental illness; and (5) the experts testifying at his
8 commitment trials were improperly motivated by financial gain. (Pet. at 4-11.)

## RESPONDENT'S MOTION TO DISMISS

I. <u>Respondent's Motion</u>

Respondent has moved to dismiss the pending petition, arguing that petitioner failed to exhaust his habeas claims in state court as required. Specifically, respondent notes that petitioner has raises five claims in his pending federal petition. Respondent concedes that petitioner presented these same claims in his petition for review filed with the California Supreme Court. Respondent argues, however, that petitioner failed to raise any of these claims in his appeal filed with the California Court of Appeal. According to respondent, where, as here, a petitioner raises his federal habeas claims for relief for the first and only time to the state's highest court on discretionary review, he has not fairly presented those claims for purposes of the exhaustion requirement. Accordingly, respondent concludes that petitioner's federal habeas claims are unexhausted and that the pending petition should be dismissed. (Resp't's Mot. to Dismiss at 3-4.)

II. <u>Petitioner's Opposition</u>

In opposition to respondent's motion to dismiss, petitioner argues that he presented each of his claims to the California Supreme Court, thereby satisfying the exhaustion requirement. In addition, petitioner argues that if his failure to present those claims to the California Court of Appeal is an issue, it should be noted that he did not personally choose which

claims were presented on appeal. Rather, petitioner contends, his appointed counsel made those decisions and is responsible for any procedural default or errors stemming from that decision. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.)

## ANALYSIS

I. <u>Exhaustion of State Court Remedies</u>

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982)); <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); <u>Farmer v. Baldwin</u>, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986)). In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). The exhaustion requirement will not be deemed to have been waived unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1025 (9th Cir. 2008). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See <u>Wooten</u>, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); <u>Lounsbury v. Thompson</u>, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting <u>Picard</u>, 404 U.S. at 276)); <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003),

overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20 F.3d 1469, 1473 (9th Cir. 1994).

II. Discussion

If a habeas petitioner presents for the first and only time his federal claims to the state's highest court on discretionary review, without more, he fails to satisfy the exhaustion requirement. See Castille v. Peoples, 489 U.S. 346 (1989); Casey v. Moore, 386 F.3d 896 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); see also Chambers v. McDaniel, 549 F.3d 1191, 1196 (9th Cir. 2008) ("However, Castille does not address the question presented here, as Castille involved only a state court's rejection without comment of a new claim in an extraordinary motion and does not tell us what to do when a court has in fact spoken on the issue."). In Castille, the Superior Court in Pennsylvania had affirmed Castille's conviction on direct appeal. Castille then unsuccessfully raised his federal claims for the first time in two "petitions for allocatur"[1] in the Pennsylvania Supreme Court. Castille next filed a petition for writ of habeas corpus in federal court raising various federal claims, some of which he had raised only in his allocatur petitions. The district court dismissed the petition for failure to exhaust state court remedies. The United States Court of Appeals for the Third Circuit reversed and remanded, concluding that Castille's inclusion of his claims in his allocatur petitions filed with the state's highest court satisfied the exhaustion requirement. Disagreeing, the United States Supreme Court held in a unanimous decision that petitioner had not exhausted his federal habeas claims. The Supreme Court explained that a habeas claim remains unexhausted

> where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless "there are special and important reasons therefor." Raising the

---

[1] Under Pennsylvania law, allocatur review "is not a matter of right, but of sound discretion, and an appeal will be allowed only when there are special and important reasons therefor." Castille, 489 U.S. at 347 (quoting Pa. R. App. P. 1114).

1 | claim in such a fashion does not, for the relevant purpose, constitute "fair presentation." (internal citations omitted)

Id. at 348 & 351.

The United States Court of Appeals for the Ninth Circuit has similarly held that a habeas petitioner does not satisfy the exhaustion requirement by raising his federal claims for the first and only time in a petition for discretionary review filed with a state supreme court. See Casey, 386 F.3d 896. In that case, Casey raised his federal claims for the first and only time in his petition for review filed with the Washington Supreme Court. The Ninth Circuit explained that Casey's petition for review was analogous to Castille's allocatur petitions because the Washington Supreme Court will grant a petition for review not as a matter of right, but within its own discretion. The Ninth Circuit determined that there was "no principled or logical distinction that . . . would set Casey's case apart from the precedent in Castille" and concluded that "[b]ecause . . . Casey raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them." 386 F.3d at 917-18. See also Nichols v. Hartley, 1:08-cv-01017-OWW-BAK-GSA HC, 2009 WL 3153710, at *4 (E.D. Cal. Sept. 24, 2009) (recommending dismissal, recognizing "Casey stands for the proposition that if the filing in the state's highest court is one for discretionary review, the petition[er] must have presented all of his federal claims at the lower levels of the state courts."); Gurnsey v. California, No. Civ. S-07-1900 MCE KJM P, 2008 WL 4104316 (E.D. Cal. Sept. 2, 2008) (recommending dismissal pursuant to Castille and Casey where federal claims were presented to the California Supreme Court in a petition for review); Hill v. California Bd. of Prison Hearings, No. C 06-3080 MMC (PR), 2007 WL 2318976, at *2 (N.D. Cal. Aug. 10, 2007) (where claim was presented only in a petition for review that was summarily denied by the California Supreme Court, it was not fairly presented for purposes of the exhaustion requirement); Reynoso v. Lamarque, No. Civ. S-03-0272 RRB EFB P, 2007 WL 707521, at *7 (E.D. Cal. Mar. 6, 2007) ("Because petitioner raised claims 4 and 5 for the first time in a

6

discretionary appeal to the California Supreme Court, he has failed to exhaust those claims for purposes of the federal habeas corpus statute.").[2]

As noted above, in this case, petitioner asserts five claims for relief in his federal habeas petition pending before the court. He raised these same five claims in his petition for review filed with the California Supreme Court on January 14, 2008, following the California Court of Appeal's affirmance of the judgment. (Resp't's Lodged Doc. 1.) In California, however, granting a petition for review of a lower court decision is discretionary. See California Rules of Court, Rule 8.500(b) & (c). In this regard, Rule 8.500(b) of the California Rules of Court enumerates the limited circumstances under which the California Supreme Court may choose to exercise its discretionary power of review, as follows:

> The Supreme Court may order review of a Court of Appeal decision:
>
> (1) When necessary to secure uniformity of decision or to settle an important question of law;
>
> (2) When the Court of Appeal lacked jurisdiction;
>
> (3) When the Court of Appeal decision lacked the concurrence of sufficient qualified justices; or
>
> (4) For the purpose of transferring the matter to the Court of Appeal for such proceedings as the Supreme Court may order.

In this way, a petition for review directed to the California Supreme Court is analogous to the allocatur petition filed with the Pennsylvania Supreme Court as in Castille and the petition for review filed with the Washington Supreme Court in Casey. Pursuant to the decisions in Castille and Casey, if petitioner raised his five federal habeas claims for the first and

---

[2] It appears somewhat incongruous to the undersigned that federal claims presented for the first time in state court via a state habeas petition filed directly to the California Supreme Court are fairly presented and therefore properly exhausted, while the same claims presented for the first time in a petition for review filed with that court are not. Nonetheless, the decision in Casey v. Moore is the law of the circuit and this court is bound by it, even if such subtleties may understandably be lost on many of the pro se petitioners seeking habeas relief in the federal courts.

only time in his January 14, 2008, petition for review to the California Supreme Court, he has failed to satisfy the exhaustion requirement.

After carefully reviewing counsel's opening and reply briefs filed on behalf of petitioner on appeal to the California Court of Appeal, petitioner's pro se petition for review submitted to the California Supreme Court, and his pending pro se federal habeas petition, the court finds that petitioner has failed to exhaust his second, third, fourth, and fifth federal habeas claims for relief. However, contrary to respondent's contention, the undersigned concludes that petitioner has properly exhausted his first claim for federal habeas relief.

As respondent acknowledges, in petitioner's direct appeal of right to the state appellate court, petitioner argued that there was no substantial evidence introduced at the proceedings below to support the extension of his commitment. This first claim of petitioner's pending federal petition, is virtually identical to the first claim of his petition for review filed with the California Supreme Court in which he similarly argued that there was no substantial evidence before the trial court to support a finding that he has difficulty controlling dangerous behavior. In fact, petitioner on this point has lifted entire passages from his opening brief to the California Court of Appeal and repeated them here in support of his federal claim of entitlement to habeas relief. Petitioner has presented essentially the same argument, that there was insufficient evidence presented at the September 2006 proceeding before the Glenn County Superior Court to support the extension of his confinement, to the California Court of Appeal, the California Supreme Court and to this court. The state courts, including the California Supreme Court, were given an adequate opportunity to address petitioner's first claim for habeas relief. Accordingly, petitioner has satisfied the fair presentation requirement with regard to this claim. (Resp't's Lodged Docs. 2, 5 & Pet. at 4-6.)

If these findings and recommendations are adopted, petitioner's federal petition pending before this court is then a "mixed" petition, containing both exhausted and unexhausted claims. A federal court cannot grant habeas relief based on a mixed petition. However, recent

developments in the law leads the court to conclude that respondent's motion to dismiss should not be granted at this time. Instead, petitioner should be given the opportunity to inform the court as to how he wishes to proceed in this case after considering the three options set forth below. See Jefferson v. Budge, 419 F.3d 1013, 1015-17 (9th Cir. 2005).

First, petitioner may elect to seek a stay and abeyance order to allow him to return to state court to exhaust his unexhausted claims. The Ninth Circuit recently analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit explained "the Kelly procedure," which it had originally outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely. If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay. See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his petition to delete

1  unexhausted claims. Instead, the petitioner may proceed on a "mixed petition," and his
2  unexhausted claims remain pending in federal court while he returns to state court to exhaust
3  them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines
4  concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to
5  return to state court to present unexhausted claims."). A petitioner who elects to proceed under
6  the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his
7  federal petition. See King, 564 F.3d at 1140. However, the United States Supreme Court
8  cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in
9  limited circumstances," and "district courts should place reasonable time limits on a petitioner's
10 trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court explained that
11 district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or
12 intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. In addition,
13 federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed
14 on a petitioner's return to state court to exhaust additional claims. Id. at 277-78. Here, if
15 petitioner chooses to pursue this option (i.e., a stay and abeyance order), the court will issue a
16 separate order granting him thirty days leave to file a motion for a stay and abeyance under the
17 Kelly or Rhines procedure.

18         Second, petitioner may elect to abandon the unexhausted claims set forth in his
19 petition before this court without seeking a stay and abeyance order and proceed solely on his one
20 exhausted claim. Petitioner is advised that, if he chooses this option, a subsequent petition
21 challenging the same commitment proceedings may be barred as second or successive. If
22 petitioner chooses this option, the court will issue a separate order granting him thirty days leave
23 to amend his petition so as to include his first and only exhausted claim.

24         Finally, petitioner may move to voluntarily dismiss this action and complete
25 exhaustion of his unexhausted claims and then file a new federal petition presenting all of his
26 exhausted claims. Petitioner is advised, however, that if he chooses this option, any future

federal petition for writ of habeas corpus may very well be time barred.  The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

In sum, the court will recommend that respondent's motion to dismiss be denied at this time.  The court will also recommend that petitioner be granted thirty days leave to notify the court by declaration as to how he wishes to proceed in this case.  If the assigned district judge adopts these findings and recommendations and petitioner elects to pursue this action by filing a declaration, petitioner is advised that his declaration need not be lengthy.  Petitioner only need state whether he wishes to pursue the first, second, or third option described above.  Then, upon review of petitioner's declaration, the undersigned will issue an order granting petitioner thirty days leave to either: (1) file a motion for stay and abeyance pursuant to the Kelly or Rhines procedure; (2) file an amended petition containing only his exhausted claims; or (3) file a motion for dismissal.

**CONCLUSION**

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 24, 2009 motion to dismiss (Doc. No. 11) be denied; and

2. Petitioner be granted thirty days leave to file a declaration notifying the court as to how he wishes to proceed in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gali0945.157