IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABRAHAM GALINDO,

             Petitioner,               No. CIV S-08-0945 MCE DAD P

     vs.

ED FOULK, Executive Director,

             Respondent.         <u>ORDER</u>

_____/

       Petitioner, a civil detainee currently confined at Napa State Hospital, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

       On June 24, 2009, respondent filed a motion to dismiss, arguing that petitioner had failed to properly exhaust his federal habeas claims by first fairly presenting them to the highest state court.  On February 17, 2010, the undersigned issued findings and recommendations, recommending that the motion to dismiss be denied.  Specifically, the undersigned determined that petitioner's federal petition pending before this court is a "mixed" petition, containing both exhausted and unexhausted claims.  The undersigned recommended that petitioner be granted thirty days leave to file a declaration notifying the court as to how he wished to proceed in this action.  The undersigned also advised petitioner that he may (1) seek a

1   stay and abeyance order to allow him to return to state court to exhaust his unexhausted claims,

2   (2) elect to abandon the unexhausted claims set forth in his petition before this court without

3   seeking a stay and abeyance order and proceed solely on his one exhausted claim, or (3)

4   voluntarily dismiss this action and complete exhaustion of his unexhausted claims and then file a

5   new federal petition presenting all of his exhausted claims.  On March 16, 2010, the assigned

6   district judge adopted those findings and recommendations in full.

**DISCUSSION**

8           In accordance with the court's order, petitioner has notified the court that he

9   would like to pursue a stay and abeyance under Rhines v. Weber, 544 U.S. 269, 277 (2005).

10  Petitioner is advised that the United States Supreme Court has affirmed the district court's

11  discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims

12  to the state court where there is good cause for the petitioner's failure to exhaust all claims in

13  state court before filing a federal habeas petition.  See Rhines, 544 U.S. at 269.  See also King v.

14  Ryan, 564 F.3d 1133 (9th Cir. 2009) (analyzing the two procedures available to habeas

15  petitioners who wish to proceed with exhausted and unexhausted claims for relief); Anthony v.

16  Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted

17  federal petitions pending exhaustion of other claims); Calderon v. United States Dist.Court

18  (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998).  This discretion to issue a stay extends to

19  "mixed" petitions.  Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a

20  district court has discretion to stay a mixed petition to allow a petitioner time to return to state

21  court to present unexhausted claims.").

22          The Supreme Court cautioned, however, that "stay and abeyance should be

23  available only in limited circumstances" and that a stay "is only appropriate when the district

24  court determines there is good cause for the petitioner's failure to exhaust his claims first in state

25  court."  Rhines, 544 U.S. at 277.  Even if a petitioner shows good cause, the district court should

26  not grant a stay if the unexhausted claims are plainly meritless.  Id.  Finally, federal proceedings

1  may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's

2  return to state court to exhaust additional claims. <u>Id.</u> at 277-78.

3          As noted above, petitioner has informed the court that he wishes to pursue a stay

4  and abeyance under <u>Rhines</u>.  Accordingly, the court will grant petitioner thirty days leave to file a

5  proper motion for a stay and abeyance.  In his motion, petitioner must provide sufficient facts and

6  information to satisfy the requirements of <u>Rhines</u>.  In this regard, petitioner's motion must (1)

7  show good cause for petitioner's failure to exhaust all claims before filing this action, (2)

8  demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe

9  the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that

10 petitioner has acted diligently in pursuing his unexhausted claims.

11                                  **CONCLUSION**

12          In accordance with the above, IT IS HEREBY ORDERED that:

13          1.  Petitioner is granted thirty days from the date of service of this order in which

14 to file and serve a motion for a stay and abeyance addressing the issues set forth above;

15          2.  Respondent shall file and serve an opposition or statement of non-opposition to

16 petitioner's motion for a stay and abeyance within thirty days after service of the motion; and

17          3.  Petitioner shall file and serve a reply, if any, within fourteen days after service

18 of respondent's opposition.

19 DATED: April 1, 2010.

20

21                                  _Dale A. Drozd_

22 DAD:9                            DALE A. DROZD
   gali0945.msty                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

                                        3