IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABRAHAM GALINDO,

    Petitioner,               No. CIV S-08-0945 MCE DAD P

    vs.

ED FOULK, Executive Director,

    Respondent.             ORDER

_____/

        Petitioner, a civil detainee currently confined at Napa State Hospital, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for a stay and abeyance. Respondent has filed a statement of non-opposition to the motion.[1]

**PROCEDURAL HISTORY**

        On April 29, 2008, petitioner commenced this action by filing a federal habeas petition, asserting five claims for relief. On April 7, 2009, the undersigned ordered respondent to

---

[1] Respondent had not filed a response to petitioner's motion for a stay and abeyance, so on October 27, 2010, the court issued an order to show cause requiring respondent to file and serve an opposition or a statement of non-opposition to petitioner's motion and show cause in writing why sanctions should not be imposed. As noted above, respondent has filed a statement of non-opposition to petitioner's motion. Accordingly, good cause appearing, the court will discharge the order to show cause.

file and serve a response to the petition. On June 24, 2009, respondent filed a motion to dismiss, arguing that petitioner failed to properly exhaust his federal habeas claims by first fairly presenting them to the highest state court.

On February 17, 2010, the undersigned issued findings and recommendations, recommending that respondent's motion to dismiss be denied . Specifically, the court found that petitioner had failed to exhaust his second, third, fourth, and fifth federal habeas claims for relief. However, contrary to respondent's contention, the undersigned determined that petitioner had properly exhausted his first claim for federal habeas relief. In light of petitioner's filing of a "mixed" petition, the court informed him that he could seek a stay and abeyance order to allow him to return to state court to exhaust his unexhausted claims, abandon his unexhausted claims and proceed solely on his one exhausted claim, or voluntarily dismiss this action and complete exhaustion of his unexhausted claims and then file a new federal petition presenting all of his exhausted claims. On March 16, 2010, the assigned district judge adopted those findings and recommendations in full and granted petitioner thirty days leave to notify the court as to how he wished to proceed in this case based on the three options the undersigned had discussed in the findings and recommendations.

On May 4, 2010, petitioner filed a motion for a stay and abeyance. On November 5, 2010, respondent filed a statement of non-opposition to the motion.

**DISCUSSION**

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269 (2005); see also King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (analyzing the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted

federal petitions pending exhaustion of other claims); Calderon v. United States Dist.Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to "mixed" petitions such as the one filed by petitioner in this case. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

In this case, petitioner cannot present his second through fifth claims to this court until those claims have been fairly presented to the California Supreme Court. It does not appear that the pro se petitioner seeks to stay these proceedings for an improper purpose. Nor does it appear that petitioner has engaged in abusive litigation tactics or intentional delay. Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice. Accordingly, good cause appearing, petitioner's unopposed motion for a stay and abeyance will be granted.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The court's October 27, 2010 order to show cause is discharged;

2. Petitioner's May 4, 2010 motion for a stay and abeyance (Doc. No. 27) is granted;

3. Petitioner shall present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days of the date of this order;

      4. This action is stayed and the Clerk of the Court is directed to administratively close the case;

      5. Petitioner shall file and serve a status report in this case on the first court day of each month; and

      6. Petitioner shall file and serve a motion to lift the stay of this action, along with a proposed amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

DATED: November 10, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gali0945.sty

4